# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00050-JAD-CWH-1 |
| Plaintiff | |
| v. | **Order Denying Motion to Vacate Sentence** |
| Michael Terrell Beale, | [ECF No. 80] |
| Defendant | |

Michael Beale is serving a 74-month federal prison sentence after pleading guilty to unlawful possession of a firearm by a previously convicted felon.[1]  Beale moves under 28 U.S.C. § 2255 to vacate his felon-in-possession conviction under the Supreme Court's recent decision in *Rehaif v. United States*, which clarified that a defendant must be aware of his status as a felon in order to be convicted of this firearm offense.[2]  Despite the complexity of § 2255 habeas proceedings, Beale's case can be summed up simply.  Unlike the *Rehaif* defendant, who was unaware that overstaying his visa meant that he was the type of person no longer permitted to own recreational firearms, Beale was a known violent felon who—after being arrested during a domestic-violence call and found in possession of a revolver—cannot reasonably claim that he was unaware that he had been previously convicted of crimes with sentences exceeding one year. So I find that Beale procedurally defaulted his claim because he cannot show that a *Rehaif* error prejudiced his trial, and I deny his motion.

---

[1] ECF Nos. 76, 78.  Beale did not appeal his conviction, which became final on June 27, 2018.
[2] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

**Discussion**[3]

A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by showing that "the sentence was imposed in violation of the Constitution or the laws of the United States," "the court was without jurisdiction to impose such a sentence," the sentence was in "excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral attack."[4] A prisoner filing a claim for federal habeas relief under § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[5]

Relying on the Supreme Court's decision in *Rehaif v. United States*, Beale argues that his conviction violates the laws of the United States. In *Rehaif*, a defendant successfully challenged his conviction for possessing a firearm as an alien unlawfully in the United States in violation of 18 U.S.C. § 922(g).[6] Overturning a broad consensus among the circuit courts, the Supreme Court held that, in order to establish a violation of § 922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[7] But *Rehaif* was a unique case: the defendant—a student who'd overstayed his nonimmigrant visa—was unaware of his status,

---

[3] Because the parties are familiar with the facts, I do not repeat them here except as necessary to my analysis.

[4] 28 U.S.C. § 2255(a).

[5] *Id.* § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'") (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). I find this motion suitable for resolution without an evidentiary hearing.

[6] *Rehaif*, 139 S. Ct. at 2191.

[7] *Id.* at 2200.

which precluded him from enjoying the "innocent" activity of owning and shooting firearms at a

firing range.[8]  Invoking *Rehaif*'s reasoning, Beale attacks his 18 U.S.C. §§ 922(g)(1) and

924(a)(2) conviction, arguing that it was fatally defective because his indictment failed to allege

both that Beale knew at the time of his conviction that he belonged to the "category"[9] of persons

barred from possessing a firearm and that he knew he was barred from possessing a firearm.[10]

He claims that these defects robbed this court of jurisdiction and violated his rights under the

Fifth and Sixth Amendments.

## I.   Procedural default

The government argues that Beale procedurally defaulted his claim because he did not

challenge the sufficiency of his indictment on direct appeal.  The "extraordinary remedy"[11] of

federal habeas "is not designed to provide criminal defendants multiple opportunities to

challenge their sentence."[12]  When a "criminal defendant could have raised a claim of error on

direct appeal but nonetheless failed to do," he must demonstrate either "cause excusing his

procedural default" and "actual prejudice resulting from the claim of error," or actual

innocence.[13]  Noting that Beale does not assert an actual innocence claim, the government argues

---

[8] *Id.* at 2194–95.

[9] For Beale, that category is the class of persons convicted of a crime punishable by imprisonment for a term exceeding one year—in other words, convicted felons.  *See* ECF No. 1 at 1 (indictment charging violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)); *see also* ECF No. 68 (plea agreement).

[10] ECF No. 80.

[11] *Bousley v. United States*, 523 U.S. 614, 621 (1998).

[12] *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

[13] *Id.* (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *Bousley*, 523 U.S. at 1611 ("Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

that Beale's guilty plea precludes him from asserting this collateral attack, he cannot show cause

excusing his failure to raise these claims on appeal, and he was not prejudiced by a *Rehaif*

error.[14]  Beale claims that (1) his indictment failed to assert a predicate offense, robbing this

court of jurisdiction, excusing any procedural default, and precluding his guilty plea's

presumptive waiver of § 2255 attacks; (2) the *Rehaif* decision effected a sea change in the law,

excusing his failure to directly appeal his conviction; and (3) he was actually prejudiced or, in

the alternative, the structural errors plaguing his conviction relieve him of the obligation to show

prejudice.[15]

### A.    This court has jurisdiction over Beale.

Beale argues that his claim is exempt from the procedural-default rule because, under

*Rehaif*, the indictment fails to properly allege an "offense" against the United States.[16]  This

court "has jurisdiction [over] all crimes cognizable under the authority of the United States."[17]

In *United States v. Cotton*, the Supreme Court unequivocally held that "defects in an indictment

do not deprive a court of its power to adjudicate a case."[18]  The Ninth Circuit, other circuits,

other judges within this district, and this court have repeatedly affirmed that an indictment's

"omission of the knowledge[-]of[-]status requirement d[oes] not deprive the district court of

jurisdiction."[19]  So even presuming the validity of Beale's *Rehaif*-based claim, the deficiency he

identifies in his indictment does not preclude this court from exercising its jurisdiction.

---

[14] ECF No. 82.

[15] ECF Nos. 80, 83.

[16] ECF No. 80 at 14.

[17] *Lamar v. United States*, 240 U.S. 60, 65 (1916).

[18] *United States v. Cotton*, 533 U.S. 625, 630 (2002).

[19] *E.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) (citing *Cotton*, 535 U.S. at 631); *United States v. Velasco-Medina*, 305 F.3d 839, 845–46 (9th Cir. 2002) (reasoning that

4

**B.      Beale has shown cause, but not prejudice, to stave off procedural default.**

The government correctly notes that Beale did not challenge on direct appeal the indictment's failure to allege—or the government's failure to prove—that he knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year.[20]   But "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."[21]   *Rehaif*'s holding is just such a novel claim, given that it "overturn[s] a longstanding and widespread practice to which [the] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved."[22]   So I find that Beale has sufficiently shown cause to excuse his failure to raise this argument on direct appeal.

Beale has failed, however, to meet his burden of demonstrating that he was prejudiced by the government's omission.[23]   Actual prejudice "requires the petitioner to establish 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage."[24]   To prove a felon-in-possession charge, the government's obligation

---

*Cotton*'s holding applies where "an indictment[] fail[s] to allege the specific intent required" for a crime)); *United States v. Moore*, 954 F.3d 1322, 1336 (11th Cir. 2020) ("[T]he law is clear: the omission of an element in an indictment does not deprive the district court of subject-matter jurisdiction."); *United States v. Kelbch*, No. 3:17-cr-00040, 2021 WL 96242, at *2 (D. Nev. Jan. 7, 2021); *United States v. Reynolds*, No. 2:16-cr-000296, 2020 WL 5235316, at *3 (D. Nev. Sept. 2, 2020) (Dorsey, J.).   Beale cites no case to the contrary.   *See, e.g.*, ECF No. 83 at 13–18.

[20] ECF No. 82 at 6.

[21] *Reed v. Ross*, 468 U.S. 1, 16 (1984).

[22] *Reed*, 468 U.S. at 17.

[23] Beale, in fact, seemingly concedes this point.   Instead of arguing that he could demonstrate that he lacked knowledge of his status, Beale merely asserts that he "lacked notice of the knowledge-of-status element."   ECF No. 83 at 26.   This does little to rebut the government's argument that any errors in his indictment are non-prejudicial.

[24] *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (emphasis omitted).

is not "burdensome," and it may be inferred from circumstantial evidence.[25]   At the time of his

guilty plea and subsequent conviction, Beale had been previously convicted of several felonies

and sentenced to multiple, concurrent terms of imprisonment exceeding one year.[26]   Indeed, his

criminal history score was 23, which was 10 points more than he needed to achieve the highest

criminal history category of VI.[27]   In his guilty plea, Beale swore that, at the time he possessed

this firearm, he had been "convicted of a crime punishable by imprisonment for a term exceeding

one year."[28]   This evidence proves beyond a reasonable doubt that Beale—unlike the *Rehaif*

defendant—well knew that he had been convicted of "a crime punishable by imprisonment for a

term exceeding one year."[29]   And while Beale argues that a post-hoc review of the evidence is

inappropriate when he hasn't raised a sufficiency-of-the-evidence claim, Beale must still show

"actual prejudice" to excuse his default.[30]   Beale can't do so with a criminal record and

sentencing history like his.[31]   Thus, even if his indictment had stated the mens rea element

recognized in *Rehaif*, Beale's plea and eventual judgment on the felon-in-possession count

---

[25] *Rehaif*, 139 S. Ct. at 2198.

[26] Presentence Investigative Report at ¶¶ 29–49.  Since age 18, Beale has served lengthy sentences for violent felonies involving possession and distribution of controlled substances, domestic-violence batteries, and battery on a police officer.  *Id.*

[27] *Id.* at 50–57.

[28] ECF No. 68.

[29] 18 U.S.C. § 922(g)(1).

[30] *Frady*, 456 U.S. at 168 ("In applying this dual standard to the case before us, we find it unnecessary to determine whether [the § 2255 petitioner] has shown cause, because we are confident he suffered no actual prejudice . . . .").

[31] Other courts have reasoned similarly.  *See, e.g.*, *Whitley v. United States*, No. 04 CR. 1381, 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) ("[A]ny argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding one year had been imposed, and having in fact served more than a year in prison in connection therewith . . . , Whitley nevertheless lacked the requisite awareness of his restricted status.").

1 would have been the same,[32] and I find that Beale has failed to show that he was prejudiced by

2 this omission.

3         **C.**      **Beale's deficient indictment does not present a structural error.**

4         In the alternative, Beale argues that he need not show actual prejudice to overcome

5 procedural default because his indictment's deficiencies are structural, setting off cascading

6 violations of the Fifth and Sixth Amendments.[33]  At the outset, Beale mischaracterizes *Rehaif*'s

7 holding by arguing that it requires the government to both prove that Beale knew that he

8 belonged to the category of persons prohibited from possessing firearms *and* that he himself

9 knew that he was barred from owning firearms.  *Rehaif* does not require that a § 924(g)

10 defendant know that he was barred from possessing a firearm; it clarifies that the government

11 must demonstrate that a defendant "knew he belonged to the relevant category of persons barred

12 from possessing a firearm."[34]  This subtle distinction is an important one.  As the Ninth Circuit

13 reasoned in *United States v. Singh*, requiring the government to prove that "the defendant knew

14 his or her status prohibited firearm ownership or possession," and not merely that the defendant

15 belonged to the category of those prohibited from owning a firearm, "would improperly raise the

16 scienter requirement of § 924(a)(2) from 'knowingly' to 'willfully.'"[35]  So the government "must

17

18

19

20 [32] *See, e.g.*, *United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (finding defendant not entitled to relief under *Rehaif* when he stipulated at trial that he was a convicted felon and could not show a reasonable probability that the outcome of the proceedings would have been

21 different).

22 [33] ECF No. 80 at 12–21; *see also United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011) (noting that structural errors can satisfy the procedural-default rule's prejudice requirement).

23 [34] *Rehaif*, 139 S. Ct. at 2200.

[35] *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020).

1  prove only that [Beale] knew, at the time he possessed the firearm, that he belonged to one of the

2  prohibited status groups enumerated in § 922(g)."[36]

3      In light of *Rehaif*'s limited scope, I am not convinced that the government's failure to

4  include an element of Beale's § 922(g) charge presents a structural error.  "[C]ertain errors,

5  termed structural errors might affect substantive rights regardless of their actual impact on an

6  appellant's trial."[37]  As opposed to simple errors "in the trial process itself,"[38] structural errors

7  "go to the framework within which judicial proceedings are conducted," requiring "'automatic

8  reversal of the conviction.'"[39]  The Supreme Court has narrowed the types of errors that may be

9  deemed structural, recognizing errors like deprivation of counsel, lack of an impartial trial judge,

10  violations of the right to self-representation and a public trial, and an erroneous reasonable-doubt

11  instruction as sufficiently egregious to excuse a claimant from proving actual prejudice.[40]  But

12  structural errors must necessarily affect all aspects of a trial; they cannot be merely potentially

13  damaging.[41]

14      While the Ninth Circuit has yet to definitively rule that a *Rehaif* error is not structural,[42]

15  its recent decisions have repeatedly recognized that *Rehaif*'s reach is limited.  In *Tate v. United*

16

17

18  [36] *Id.* at 728.  Given Beale's misreading of *Rehaif*, I decline to consider any alleged errors predicated on the indictment's failure to include an element indicating that Beale needed to know he could not possess a firearm.

19  [37] *United States v. Marcus*, 560 U.S. 258, 263 (2010) (citations omitted).

20  [38] *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991).

21  [39] *McKinney v. Ryan*, 813 F.3d 798, 821 (9th Cir. 2015) (en banc).

    [40] *See Marcus*, 560 U.S. at 263.

22  [41] *Accord Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907 (2017).

23  [42] *See, e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84–85 (9th Cir. 2020) (expressing "no view" on whether "the district court's failure to inform of him of the knowledge[-]of[-]status element constituted a 'structural error' that per se affected his substantial rights").

*States*, for example, the Ninth Circuit determined that the *Rehaif* Court announced a statutory rule and "did not invoke any constitutional provision or principle," thus its holding could not sustain a successive § 2255 challenge.[43]   And the panels in *United States v. Benamor* and *United States v. Johnson* declined to treat a *Rehaif* error as structural and instead applied plain-error review, declining to overturn sentences when the defendant failed to "show how the fairness, integrity, or public reputation of judicial proceedings would be adversely affected by affirming his conviction."[44]   Other circuits almost uniformly agree that omission of the knowledge-of-status requirement should not be treated like a structural error.[45]   And the Fourth Circuit, which remains the lone court to hold that this omission is structural,[46] declined to revisit the issue en banc and, instead, called for the Supreme Court to resolve this rift within the circuits.[47]   I agree

---

[43] *Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020).

[44] *United States v. Johnson*, No. 18-10016, 2020 WL 6305981, at *3 (9th Cir. Oct. 28, 2020) (declining, like the *Espinoza* panel, to consider whether a *Rehaif*-style error is structural); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (applying the plain-error test and determining that "an error in not instructing the jury to make such a [*Rehaif*] finding did not affect [the d]efendant's substantial rights or the fairness, integrity, or public reputation of the trial").

[45] *See, e.g.*, *United States v. Burghardt*, 939 F.3d 397, 403–05 (1st Cir. 2019); *United States v. Hicks*, 958 F.3d 399, 401–02 (5th Cir. 2020) (rejecting the notion that a *Rehaif* error is structural); *United States v. Coleman*, 961 F.3d 1024, 1029–30 (8th Cir. 2020) (rejecting the argument that a plea suffering from a *Rehaif* error is structural and applying a reasonable-probability standard to the third prong of plain-error review); *see also United States v. Balde*, 943 F.3d 73, 97–98 (2d Cir. 2019) (noting that in some cases a *Rehaif* error may have no effect on a defendant's conviction or decision to plead guilty).

[46] *United States v. Gary*, 954 F.3d 194, 205–06 (4th Cir. 2020), *cert granted* No. 20-444, 2021 WL 77245 (Mem), 21 Cal. Daily Op. Serv. 214 (Jan. 8, 2021).

[47] *United States v. Gary*, 963 F.3d 420, 420 (4th Cir. 2020) (en banc) (Wilkinson, J., concurring) ("I concur in the denial of rehearing en banc for one reason and one reason only.  The panel's holding is so incorrect and on an issue of such importance that I think the Supreme Court should consider it promptly . . . . Is it eight—or nine—circuits that disagree with us?  I have lost count, but the ranks are growing.").  Beale's attempts to explain why this concurrence's, and the majority of other circuit courts', views should be ignored are unavailing.

with the reasoning of the majority of the circuit courts.  Not only has the Supreme Court held that a district judge's failure to instruct the jury on an offense element (which is similar to an indictment's omission of an element) does not amount to structural error,[48] but the *Rehaif* Court remanded for harmless-error review rather than reversing the conviction outright.[49]  So I decline to excuse Beale from making a showing of actual prejudice, and I deny his § 2255 motion.

## II.    *Tollett v. Henderson* bars Beale's claims.

Alongside Beale's procedural default and failed jurisdictional challenge, I also find that he waived his ability to challenge his indictment in his guilty plea.  A guilty plea generally constitutes a waiver of all non-jurisdictional defects.[50]  In *Tollett v. Henderson*, the Court held that a guilty plea is "a break in the chain of events" of the criminal process, barring "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" but excepting those attacks premised on the knowing and voluntary nature of his plea or, relatedly, ineffective assistance of counsel.[51]  Like the *Tollett* defendant, Beale's attack does not challenge this court's jurisdiction, he "solemnly admitted in open court that he is in fact guilty of the offense with which he is charged,"[52] and he "knowingly and expressly waive[d] all collateral challenges, including under 28 U.S.C. § 2255, to his conviction."[53]  I am also not persuaded by Beale's assertion that his indictment's alleged *Rehaif* error presents an exception to

---

[48] *Neder v. United States*, 527 U.S. 1, 25 (1999); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 81 n.6 (2004) ("The omission of a single Rule 11 warning without more is not colorably structural.").

[49] *Rehaif*, 139 S. Ct. at 2200.

[50] *Blackledge v. Perry*, 417 U.S. 21, 29–30 (1974).

[51] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[52] *Id.* at 267.

[53] ECF No. 68 at 9.

1 *Tollett*'s bar.  While the Ninth Circuit has recognized that *Tollett*'s ruling may not apply to cases
2 in which an "indictment failed to state a valid claim,"[54] the Supreme Court has upheld the bar
3 when the indictment could "have been 'cured' through a new indictment.'"[55]  The government's
4 failure to include the knowledge-of-status requirement in Beale's indictment is exactly the type
5 of error that could have been cured with a new indictment.  So I find that Beale has also waived
6 his collateral attack under *Tollett*.

7 **III.    Certificate of appealability**

8        To appeal this order, Beale needs a certificate of appealability from a circuit or district
9 judge.[56]  In deciding whether to grant one, I consider if "reasonable jurists could debate whether
10 (or, for that matter, agree that) the petition should have been resolved in a different manner or
11 that the issues presented were adequate to deserve encouragement to proceed further."[57]
12 Although this standard is "lenient,"[58] I find that Beale's challenge does not meet it.  So I deny
13 him a certificate of appealability.

**Conclusion**

15        IT IS THEREFORE ORDERED that Beale's motion to vacate under 28 U.S.C. § 2255
16 **[ECF No. 80] is DENIED**.  The Clerk of Court is **DIRECTED to enter a separate civil**
17 **judgment denying Beale's § 2255 petition and denying a certificate of appealability**.  The

[54] *United States v. Johnston*, 199 F.3d 1015, 1020 n.3 (9th Cir. 1999).

[55] *Class v. United States*, 138 S. Ct. 798, 805 (2018).

[56] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

[57] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

[58] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

11

Clerk must also file this order and the civil judgment in this case and in the related civil case:

2:20-cv-01112-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
February 1, 2021